The Honorable James L. Robart

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

UNILOC USA, INC. and
UNILOC LUXEMBOURG, S.A.,

Plaintiffs,

v.

HTC AMERICA, INC.

Defendant.

Case No. 2:17-cv-01558-JLR (LEAD CASE)
Case No. 2:17-cv-01629-JLR

**STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**

**NOTE ON MOTION CALENDAR: July 18, 2018**

18
19

WHEREAS Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A., (collectively, "Uniloc" or "Plaintiff") and Defendant HTC America, Inc. ("HTC" or "Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in the above-captioned case ("the Case"), *see* Dkt. #24 (Joint Status Report), the Parties request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

PROTECTIVE ORDER
(2:17-CV-01558-JLR;
2:17-CV-01629-JLR)

1

This Order is consistent with the Local Rules in that "it does not purport to confer blanket protection on all disclosures or responses to discovery, its protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal." Local Rules W.D. Wash. LCR 26(c). The Parties have previously agreed and are subject to a protective order with substantially similar terms as those contained herein in a patent lawsuit in another district. *See Uniloc USA, Inc., et al. v. HTC America, Inc.*, Case No. 2:16-cv-989-JRG, *consolidated at Uniloc USA, Inc. v. Motorola Mobility LLC*, Case No. 2:16-cv-992-JRG, Dkt. No. 131 (E.D. Tex.) (stayed pending *inter partes* review).

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.      **PURPOSES AND LIMITATIONS**

(a)   Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for the Case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)   The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

1   2.   **DEFINITIONS**

2

3
   (a)  "Discovery Material" means all items or information, including from any
   non-party, regardless of the medium or manner generated, stored, or maintained (including,
4
   among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or
5
   generated in connection with discovery or Rule 26(a) disclosures in the Case.

6
   (b)  "Outside Counsel" means (i) outside counsel who appear on the pleadings
7
   as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is
8
   reasonably necessary to disclose the information for this litigation.

9
   (c)  "In-house Counsel" means attorneys who are employees of a Party and are
10
   working on this litigation, and includes supporting personnel employed by those counsel, such
11
   as paralegals, but specifically excludes any inventor of a patent-in-suit.  For a Party that does
12
   not employ any attorneys, In-house Counsel shall include one (1) non-attorney individual
13
   working on this litigation as an employee as that Party, but specifically excludes any inventor
14
   of a patent-in-suit.

15
   (d)  "Patents-in-suit" means U.S. Patent No. 7,653,508, U.S. Patent No.
16
   7,881,902, U.S. Patent No. 8,712,723 and any other patent asserted in the Case.

17
   (e)  "Party" means any party to the Case, including all of its officers, directors,
18
   employees, consultants, retained experts, and Outside Counsel and their support staff.

19
   (f)  "Producing Party" means any Party or non-party that discloses or produces
20
   any Discovery Material in the Case.

21
   (g)  "Protected Material" means any Discovery Material that is designated as
22
   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or
23
   "HIGHLY CONFIDENTIAL - SOURCE CODE," as provided for in this Order.  Protected
24
   Material shall not include: (i) advertising materials that have been actually published or publicly

25

26

27
   PROTECTIVE ORDER                          3
28   (2:17-CV-01558-JLR;
   2:17-CV-01629-JLR)

disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(h) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(i) "Source Code" means a text listing of computer instructions, commands and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator to be compiled or assembled into an executable computer program.

3. **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

4. **SCOPE**

(a) The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in Court or in other settings that might reveal Protected Material.

(b) Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

PROTECTIVE ORDER
(2:17-CV-01558-JLR;
2:17-CV-01629-JLR)

4

1

2

3

 (c) Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing with the consent of the Producing Party or by order of the Court.

4

5

6

 (d) This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

7

8

5. **DURATION**

9

10

11

 Even after the termination of the Case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a Court order otherwise directs.

12

13

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

14

15

16

17

18

19

 (a) <u>Basic Principles</u>.  All Protected Material shall be used solely for the Case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination, reissue, *inter partes* review, covered business method review, or other post-grant review proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

20

21

22

23

24

25

26

 (b) <u>Patent Prosecution Bar</u>.  Absent the written consent of the Producing Party, any person employed by, related to, or representing Plaintiffs who is permitted to and in fact receives any of Defendant's materials designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" and directed to technical information relevant to the Case, but excluding financial data or non-technical business information (collectively, "HIGHLY SENSITIVE TECHNICAL MATERIAL"), in accordance with this Order, shall not, on behalf of Plaintiffs or their acquirer,

27

28

PROTECTIVE ORDER       5
(2:17-CV-01558-JLR;
2:17-CV-01629-JLR)

1   successor, predecessor, or other affiliate, prepare, prosecute, or assist in the preparation or

2   prosecution of any patent application relating to the subject matter of the Patents-in-suit and

3   corresponding to the produced technical information, i.e., monitoring and evaluating periodic

4   human activity based on inertial sensor data, before any foreign or domestic agency, including

5   the United States Patent and Trademark Office.  To ensure compliance with the purpose of this

6   provision, each Party shall create an "Ethical Wall" between those persons with access to

7   HIGHLY SENSITIVE TECHNICAL MATERIAL in accordance with this Order, and any

8   individuals who, on behalf of Plaintiffs or their acquirer, successor, predecessor, or other

9   affiliate, prepare, supervise, or assist in the preparation or prosecution of any patent application

10  relating to the accused functionalities as stated above. These prohibitions shall not preclude

11  Plaintiffs' litigation counsel from participating in any *inter partes* review proceedings.

12  However, if and when claim amendments are considered in such an *inter partes* review,

13  Plaintiffs' litigation counsel participating in that *inter partes* review must at that time either end

14  their involvement in that *inter partes* proceeding or request leave of court to continue their

15  participation in that proceeding.  Litigation counsel who are the subject of such a request shall

16  not provide input on any proposed claim amendments while the motion for leave is pending,

17  and the Producing Party will agree to reasonable measures to expedite consideration of that

18  motion (such as an expedited briefing schedule that allows for at least one week for the filing

19  of an opposition). If leave of court is granted, then Plaintiffs' litigation counsel may continue

20  to represent Plaintiffs in the litigation and the *inter partes* proceeding at issue, even though

21  amendments are considered.  If leave is denied, then those counsel with access to HIGHLY

22  SENSITIVE TECHNICAL MATERIALS shall withdraw from representation in, and shall not

23  provide any input concerning, that *inter partes* review. The prohibitions of this paragraph shall

24  begin when the HIGHLY SENSITIVE TECHNICAL MATERIALS are first received by the

25

26

27

28

affected individual, and shall end one (1) year after the settlement and/or dismissal of the Producing Party Defendant from this Case or the final non-appealable termination of this Case.

(c) <u>Patent Acquisition Bar</u>. Absent the written consent of the Producing Party, any person employed by, related to, or representing Plaintiffs who is permitted to and in fact receives any of Defendant's HIGHLY SENSITIVE TECHNICAL MATERIAL in accordance with this Order, shall not advise, counsel, participate, or assist in the acquisition of any patents or patent applications that (1) relate to the subject matter of the Patents-in-suit; or (2) relate to the subject matter of the HIGHLY SENSITIVE TECHNICAL MATERIAL that such individual reviewed. For the avoidance of doubt, the "acquisition" of patents under this section includes any analysis or evaluation of patents for the purposes of evaluating whether, or for what price, to acquire them. These prohibitions shall begin when the HIGHLY SENSITIVE TECHNICAL MATERIALS are first received by the affected individual, and shall end one (1) year after the settlement or dismissal of the Producing Party Defendant from this Case or the final non-appealable termination of this Case.

(d) <u>Secure Storage, No Export</u>. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" produced by Defendant shall not be taken or reviewed outside the United States unless expressly agreed to in writing by the Producing Party. If a deposition of a Producing Party's employee or 30(b)(6) designee occurs outside the United States, that Producing Party's Protected Materials may be taken outside the United States solely for purposes of their use at that deposition. Any materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" are subject to the restrictions in Section 10.

(e) Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to the Case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(f) Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court. However, if the accuracy of information is confirmed only through the review of Protected Material, then the information shall not be considered to be publicly known. For example, unsubstantiated media speculations or rumors that are later confirmed to be accurate through access to Protected Material are not "publicly known" information. Such information is explicitly included in the definition of "Protected Material" set forth in paragraph 2(g) above.

7. **DESIGNATING PROTECTED MATERIAL**

(a) Available Designations. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(b) Written Discovery and Documents and Tangible Things. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the

PROTECTIVE ORDER
(2:17-CV-01558-JLR;
2:17-CV-01629-JLR)

8

confidentiality designations listed in paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c) Native Files. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a Court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 9, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. No one shall seek to use in this litigation a .tiff, .pdf, or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

(d) Depositions and Testimony. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the

record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b) Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Not more than three (3) representatives of the Receiving Party, who may be, but need not be, In-house Counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for the Case, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in the Case, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction, except that, for example, an expert or consultant may transport Protected Material outside of the United States for the purpose of providing support to outside counsel of a party deposing employees of another party or a third party resident overseas; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 12 below.  If an unresolved objection to such disclosures exists, the Parties agree to promptly confer and use good faith to resolve any such objection;

(iv)     Court reporters, stenographers, and videographers retained to record testimony taken in the Case;

(v)     The Court, jury, and Court personnel;

PROTECTIVE ORDER
(2:17-CV-01558-JLR;
2:17-CV-01629-JLR)

11

(vi)   Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)   Any mediator who is assigned to hear this matter and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)   Any other person with the prior written consent of the Producing Party.

9.   **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"**

(a) A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

1

2

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

3

4

5

6

(i)   The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff; and

7

(ii)   The individuals listed in paragraphs 8(b)(iii)-8(b)(ix).

8

9

10.   **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL - SOURCE CODE"**

10

11

12

13

(a)   To the extent production of Source Code becomes necessary to the prosecution or defense of the Case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

14

15

16

17

(b)   Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in the Case, or to obligate any Party to produce any Source Code.

18

19

20

(c)   Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to the provisions set forth in Section 11 below, and may be disclosed, subject to Section 11 below, solely to:

21

22

23

24

(i)   The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff; and

25

(ii)   The individuals listed in paragraphs 8(b)(iii-vi and viii-ix).

26

27

28

PROTECTIVE ORDER
(2:17-CV-01558-JLR;
2:17-CV-01629-JLR)

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11.   **DISCLOSURE AND REVIEW OF SOURCE CODE**

For Protected Material designated HIGHLY CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)   Access to a Party's HIGHLY CONFIDENTIAL SOURCE CODE shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to a printer solely for the limited purposes permitted pursuant to paragraphs 11(h) and 11(k) below. Additionally, the stand-alone computer(s) may only be located at the offices of the Producing Party's outside counsel or other, mutually agreeable location;

(b)   Prior to the first inspection of any requested Source Code, the parties agree to meet and confer regarding the review and production of Source Code if requested by either Party. Further, the Receiving Party shall provide ten (10) days' notice for its initial review of any Source Code that it wishes to inspect. The Receiving Party shall provide two (2) days' notice prior to any additional inspections.

(c)   The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. The Parties agree to cooperate in good faith regarding accommodating review of a Party's HIGHLY CONFIDENTIAL SOURCE CODE;

(d)   The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced HIGHLY CONFIDENTIAL SOURCE CODE on the stand-alone computer(s);

(e)   The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

PROTECTIVE ORDER                    14
(2:17-CV-01558-JLR;
2:17-CV-01629-JLR)

(f) Access to Protected Material designated HIGHLY CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three outside consultants or experts1 (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 8(b)(iii) above. A Receiving Party may if necessary include excerpts of HIGHLY CONFIDENTIAL SOURCE CODE in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that any such documents are appropriately marked as containing HIGHLY CONFIDENTIAL SOURCE CODE under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(g) No electronic copies of HIGHLY CONFIDENTIAL SOURCE CODE shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h) The Receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the Receiving Party shall maintain a log of all such files that are printed or photocopied. Requests for paper copies that exceed 50 consecutive pages, or that cumulatively exceed 500 pages, shall be presumed to be unreasonable, absent express permission of the Producing Party. However, if the Producing Party objects to a request that exceeds such limits, the parties may seek the assistance of the Court to determine whether the request is reasonable.

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

PROTECTIVE ORDER                           15
(2:17-CV-01558-JLR;
2:17-CV-01629-JLR)

1

2

3

4

5

6

7

8

9

10

11

        (i)   The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages requested by the Receiving Party.  Within three (3) business days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party, or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring within one (1) business day of any objections, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall within seven (7) days of the meet and confer move the Court for a Protective Order and shall agree to expedited briefing of the motion, failing any of which, the Producing Party shall provide one copy set of the requested pages to the Receiving Party within two (2) days.[2]  The printed pages shall constitute part of the Source Code produced by the Producing Party in the Case.

12

13

14

15

16

        (j)   No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. Upon written request at least five business days in advance, the Producing Party shall make the Source Code available for use at depositions.

17

18

19

20

21

        (k)   If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of HIGHLY CONFIDENTIAL – SOURCE CODE, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or

22

23

24

25

26

---

[2] Both Parties agree that the briefing period and page-limits for such motions for a protective order shall be as  follows: ( 1) Producing Party shall file the motion by 5 PM EST no later than seven (7) days after the meet  and confer with an agreed motion for expedited briefing as set forth herein; (2) Receiving Party's Response shall fall   due within seven (7) days.   Both the Producing and Receiving Party further agree that briefing for such motions shall   be limited to no more than five (5) pages for the motion and five (5) pages for the response to the motion. The parties further agree that neither reply nor sur-reply briefs shall be filed in connection with such motions.

27

28

expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the HIGHLY CONFIDENTIAL – SOURCE CODE, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the HIGHLY CONFIDENTIAL – SOURCE CODE are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition), provided that the printouts or photocopies are kept in a secure manner that ensures access is limited to the persons authorized under this Order; and

(l)   A Producing Party's HIGHLY CONFIDENTIAL – SOURCE CODE may only be transported by the Receiving Party by a person authorized under paragraph 11(f) above to another person authorized under paragraph 11(f) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. HIGHLY CONFIDENTIAL -SOURCE CODE may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 11(f) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(m) The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy or transcribe the Source Code into the notes. The Receiving Party's expert(s) and/or consultant may use a single computer in the review room for the sole purpose of taking and reviewing his or her notes. Further, the computer shall be non-networked, shall not be connected to the Internet, shall have no camera apparatus, and shall have all input/output connections disabled while taking notes or when present in the

PROTECTIVE ORDER
(2:17-CV-01558-JLR;
2:17-CV-01629-JLR)

17

1  Source Code review room.  The taking of photographs or video shall not be permitted in the

2  Source Code review room.

3          (n)  No recordable media or recordable devices, including without limitation

4  sound recorders, personal digital assistants (PDAs), cellular telephones, peripheral equipment,

5  cameras, voice recorders, Dictaphones, telephone jacks, CDs, DVDs, or drives of any kind (e.g.,

6  USB memory sticks and portable hard drives), shall be permitted into the Source Code review

7  room.  No non-electronic devices capable of similar functionality shall be permitted in the

8  Source Code review room.

9          (o)  The stand-alone computers shall, at the Receiving Party's request, include

10  reasonable analysis tools for the type of Source Code Material.  The Receiving Party shall be

11  responsible for identifying the tools or licenses to the tools that it wishes to use so that the

12  producing Party may install such tools on the stand-alone computers.

13  12.     **NOTICE OF DISCLOSURE**

14

15          (a)  Prior to disclosing any Protected Material to any person described in

16  paragraph 8(b)(iii) (referenced below as "Person"), the Party seeking to disclose such

17  information shall provide the Producing Party with written notice that includes:

18                  (i)    the name of the Person;

19                  (ii)   an up-to-date curriculum vitae of the Person;

20                  (iii)  the present employer and title of the Person;

21                  (iv)   an identification of all of the Person's past and current employment

22  and consulting relationships for the past five (5) years, including direct relationships and

23  relationships through entities owned or controlled by the Person;

24                  (vi)   a list of the cases in which the Person has testified at deposition or

25  trial within the last five (5) years; and

26

27

28  PROTECTIVE ORDER                        18
    (2:17-CV-01558-JLR;
    2:17-CV-01629-JLR)

(v) an identification of all pending patent applications on which the Person is named as an inventor, or in which the Person has any ownership interest.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.

(b) Within ten (10) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period. If the Producing Party objects to disclosure to the Person within such ten (10) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(c) For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will use or disclose Discovery Materials in a way or ways that would violate one or more provisions contained in this Order.

(d) Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

1        (e)   An initial failure to object to a Person under this Section 12 shall not

2   preclude the non-objecting Party from later objecting to continued access by that Person for

3   good cause. However, a late objection to a Person cannot be made on the basis of information

4   initially disclosed pursuant to 12(a) of this Section, except to the extent that said disclosure

5   contained a material omission or misrepresentation. If an objection is made, the Parties shall

6   meet and confer via telephone or in person within three (3) days following the objection and

7   attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party

8   objecting to the disclosure will have three (3) days from the date of the meet and confer to seek

9   relief from the Court. The designated Person may continue to have access to information that

10  was provided to such Person prior to the date of the objection. If a later objection is made, no

11  further Protected Material shall be disclosed to the Person until the Court resolves the matter or

12  the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing

13  Party fails to move for a protective order within three (3) days after the meet and confer, further

14  Protected Material may thereafter be provided to the Person.

15      13.   **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

16

17      (a)   A Party shall not be obligated to challenge the propriety of any designation

18  of Discovery Material under this Order at the time the designation is made, and a failure to do

19  so shall not preclude a subsequent challenge thereto.

20      (b)   Any challenge to a designation of Discovery Material under this Order shall

21  be written, shall be served on Outside Counsel for the Producing Party, shall particularly

22  identify the documents or information that the Receiving Party contends should be differently

23  designated, and shall state the grounds for the objection. Thereafter, further protection of such

24  material shall be resolved in accordance with the following procedures:

25      (i)   The objecting Party shall have the burden of conferring either in

26  person, in writing, or by telephone with the Producing Party claiming protection (as well as any

27

28  PROTECTIVE ORDER                          20
    (2:17-CV-01558-JLR;
    2:17-CV-01629-JLR)

other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii) Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14.   **SUBPOENAS OR COURT ORDERS**

If at any time documents containing Protected Material are requested or subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the Receiving Party shall immediately give written notice thereof to every party whose Protected Material has been requested and to its counsel and shall copy Plaintiffs' counsel on any such communication and shall provide each such party with an opportunity to object to the production of such documents. If a Producing Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena or other request is directed may produce such documents, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

15.    **FILING PROTECTED MATERIAL**

(a)  Absent written permission from the Producing Party or a Court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)  Any Party that wishes to file under seal with the Court any brief, document, or materials that are designated as Protected Material under this Order shall comply with Western District of Washington Local Rule 5(g) and the other Local Rules.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

16.    **NO WAIVER OF PRIVILEGE**

(a)  Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in the Case or in any other federal or state proceeding.  For example, the mere production of privilege or work-product-protected documents in the Case as part of a mass production is not itself a waiver in the Case or any other federal or state proceeding.  A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection.  In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided.

(b)  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the returned Discovery Material and such other information as is reasonably necessary to identify the Discovery

Material and describe its nature to the Court in any motion to compel production of the Discovery Material. Any motion to compel production of the returned Discovery Material shall be filed under seal and shall not assert as a ground for production the fact of the inadvertent or unintentional production, nor shall the motion disclose or otherwise use the content of the returned document or information in any way beyond that which is reasonably necessary to identify the Discovery Material and describe its nature to the Court.

17.    **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b) A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

18.     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)   In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)   Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.     **FINAL DISPOSITION**

(a)   Not later than ninety (90) days after the Final Disposition of an individual case, the Parties to that case shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating all claims asserted against all Parties in an individual case, including all appeals.

(b)   All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of pleadings, correspondence, and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source Code.

1    20.    **DISCOVERY FROM EXPERTS OR CONSULTANTS**

2         (a)  Drafts of reports of testifying experts, and reports and other written

3    materials, including drafts, of consulting experts, shall not be discoverable.

4         (b)  Reports and materials exempt from discovery under the foregoing

5    paragraph shall be treated as attorney work product for the purposes of the Case and Protective

6    Order.

7    21.    **MISCELLANEOUS**

8

9         (a)  Non-Party Use of this Order. The parties shall disclose this Protective Order

10   to all non-parties producing information or material pursuant to a subpoena or Court order in

11   the Case.  A non-party producing information or material voluntarily or pursuant to a subpoena

12   or a court order may designate such material or information under this Protective Order, and

13   shall be considered a Producing Party under this Protective Order.  A non-party's use of this

14   Protective Order to protect its confidential information does not entitle that non-party access to

15   Protected Material produced by any Party in the Case.

16        (b)  Right to Further Relief. Nothing in this Order abridges the right of any

17   person to seek its modification by the Court in the future.  By stipulating to this Order, the

18   Parties do not waive the right to argue that certain material may require additional or different

19   confidentiality protections than those set forth herein.

20        (c)  Termination of Matter and Retention of Jurisdiction. The Parties agree that

21   the terms of this Protective Order shall survive and remain in effect after the Final

22   Determination in the above-captioned matters.  The Court shall retain jurisdiction after Final

23   Determination in these matters to hear and resolve any disputes arising out of this Protective

24   Order.

25        (d)  Successors.  This Order shall be binding upon the Parties hereto, their

26   attorneys, and their successors, executors, personal representatives, administrators, heirs, legal

27

28   PROTECTIVE ORDER                               25
     (2:17-CV-01558-JLR;
     2:17-CV-01629-JLR)

1   representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and
2   experts, and any persons or organizations over which they have direct control.

3           (e)  Right to Assert Other Objections.  By stipulating to the entry of this
4   Protective Order, no Party waives any right it otherwise would have to object to disclosing or
5   producing any information or item.  Similarly, no Party waives any right to object on any ground
6   to use in evidence of any of the material covered by this Protective Order.  This Order shall not
7   constitute a waiver of the right of any Party to claim in these related actions or otherwise that
8   any Discovery Material, or any portion thereof, is privileged or otherwise non- discoverable, or
9   is not admissible in evidence in these related actions or any other proceeding.

10          (f)  Burdens of Proof.  Notwithstanding anything to the contrary above, nothing
11  in this Protective Order shall be construed to change the burdens of proof or legal standards
12  applicable in disputes regarding whether particular Discovery Material is confidential, which
13  level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what
14  restrictions should apply.

15          (g)  Modification by Court.  This Order is subject to further Court order based
16  upon public policy or other considerations, and the Court may modify this Order *sua sponte* in
17  the interests of justice.  The United States District Court for the Western District of Washington
18  is responsible for the interpretation and enforcement of this Order.  All disputes concerning
19  Protected Material, however designated, produced under the protection of this Order shall be
20  resolved by the United States District Court for the Western District of Washington.

21      A proposed order is below.

22

23  /s/ Aaron S. Jacobs                              /s/ Fred I. Williams
    Aaron S. Jacobs (Pro Hac Vice)                   Fred I. Williams (pro hac vice)
24  James J. Foster (Pro Hac Vice)                   Mario A. Apreotesi (pro hac vice)
    PRINCE LOBEL TYE LLP                             VINSON & ELKINS LLP
25  One International Place - Suite 3700             2801 Via Fortuna, Suite 100
    Boston, MA 02110                                 Austin, TX 78746-7568
26  Tel: 617-456-8000                                Telephone: (512) 542-8400

27
    PROTECTIVE ORDER                    26
28  (2:17-CV-01558-JLR;
    2:17-CV-01629-JLR)

Email: ajacobs@princelobel.com
Email: jfoster@princelobel.com

Al  Van Kampen, WSBA No. 13670
VAN KAMPEN & CROWE PLLC
1001 Fourth Avenue, Suite 4050
Seattle, WA 98154
Tel: (206) 386-7353
Fax: (206) 405-2825
Email: AVanKampen@VKClaw.com

ATTORNEYS FOR PLAINTIFFS

Fax: (512) 542-8612
fwilliams@velaw.com
mapreotesi@velaw.com

Molly A. Terwilliger, WSBA No. 28449
YARMUTH WILSDON PLLC
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Telephone: (206) 516-3800
Fax: (206) 516-3888
mterwilliger@yarmuth.com

Todd Landis (pro hac vice)
Eric Klein (pro hac vice)
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201
Telephone: (214) 220-7700
Fax: (214) 220-7716
tlandis@velaw.com
eklein@velaw.com

ATTORNEYS FOR DEFENDANT

## ORDER

It is so ORDERED.

SIGNED this _19th_ day of _July_, 2018

_____
The Honorable James L. Robart
UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER
(2:17-CV-01558-JLR;
2:17-CV-01629-JLR)

27

1

## **EXHIBIT A**

2

3          I acknowledge and declare that I have received a copy of the Protective Order ("Order")

4     in *Uniloc USA, Inc., et al. v. HTC America, Inc.*, United States District Court, Western District

5     of Washington, Civil Action No. 2:17-cv-01558-JLR (LEAD CASE).   Having read and

6     understood the terms of the Order, I agree to be bound by the terms of the Order and consent to

7     the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the

8     Order.

9

10          Names of individual: _____

11

12          Present occupation/job description: _____

13

14          Name of Company or Firm: _____

15

16          Address: _____

17

18          Dated: _____

19

20

21

22

23

24

25

26

27

28